IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR635 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| LOUIS C. COOPER, | ) | UNITED STATES' SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin Herdman, United States Attorney, and Payum Doroodian, Assistant United States Attorney, and respectfully submits this memorandum for the sentencing of Defendant Louis C. Cooper. The United States agrees with the Presentence Investigation Report ("PSR") that the Defendant's adjusted advisory Sentencing Guidelines offense level is 14 (after acceptance of responsibility) and his Criminal History Category is I. (Doc. No. 11 at ¶¶ 32, 37). Thus, the advisory Guidelines range is 15 to 21 months. (Doc. No. 11 at ¶ 58). For the reasons set forth below, this Court should impose a sentence within the advisory Guidelines range, as jointly recommended by the parties in the plea agreement.

I.     **FACTUAL BACKGROUND**

Defendant was born in 1961. Due to workplace injuries, Defendant received various disability benefits from the Ohio Bureau of Workers' Compensation ("OBWC"), beginning in 1995. While Defendant reported that he returned to work on various occasions between 1995 and 2008, Defendant falsely reported to the OBWC that he had not worked in any capacity since July 18, 2008. However, as least as early as May 2009, Defendant began working as independent

contractor for numerous companies, including Periscope Designs LLC *(Government Exhibit 1)*, Global Distibutors of Produce LLC, Hess Construction, and Pollak Food Distributors, Inc. In order to evade discovery by OBWC that Defendant has returned to work, thereby securing the roughly $1,640 a month in stolen benefits, Defendant requested his employers make any checks out to his wife's name, which Defendant alleged was the name of his business. From in or around 2010 until Defendant's scheme was discovered in or around 2017, Defendant submitted 43 requests for disability payments alleging he has not been working or self-employed. Defendant further affirmed the same in 32 administrative hearings and in every contact with OBWC during this time frame. However, in the span of eight years, defendant earned at least $206,313.62 working as an independent contractor for numerous businesses and clients. *See Government Exhibit 2.*

In July 2012, Defendant applied for Title II: Disability Insurance Benefits from the Social Security Administration ("SSA"). In similar fashion, Defendant alleged to SSA that he could not work in any capacity and has not done so since 2008. Based on his numerous false statements, Defendant received roughly $2,040 per month from SSA from 2012 through 2018.

As a result of Defendant's criminal scheme, Defendant fraudulently received approximately $245,760.23 from both agencies, totaling as much as $3,680 per month in stolen benefits.

## II.     APPLICATION OF § 3553(a) FACTORS

Considering the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, a within-Guidelines sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide a just punishment for the offense, and afford adequate deterrence.

For eight years, Defendant brazenly stole $245,760.23 in disability benefits while working and earning at least $206,313.62 during that same time span. While working as a contractor, Defendant earned between $2,000 and $4,000 per month working for numerous businesses and individual clients. *See Government Exhibit 2*. At the outset, Defendant knew what he was doing was wrong and specifically calculated a method by which he could avoid getting caught by using his wife's name. Further, as if defrauding one agency out of $1,680 a month wasn't enough, Defendant greedily applied for SSA benefits in 2012 using the same fraud to secure an additional $2,040 per month, despite being gainfully employed the entire time. Through executing the fraud on two agencies, Defendant doubled his income, earning as much as approximately $7,680 a month, or $452,073.85 between working and defrauding two agencies in the span of eight years. Yet, despite Defendant's sizable cash flow, Defendant reported a credit card debt of $39,076.02, as well as a debt of $39,115.67 from two auto loans for vehicles purchased years after 2014. (Doc. No. 11 at ¶ 53). Thus, given the nature and circumstances of the offense, particularly Defendant's apparent greed and reckless spending during the fraud period, Defendant's conduct warrants a within-Guidelines range sentence.

In his sentencing memorandum, Defendant describes his medical history and his desire to make restitution as justification for this Court imposing "fair and reasonable sentence." While there is no dispute that Defendant endured multiple surgeries in his life, the most relevant fact is, as noted in the PSR, that Defendant's current physical conditions are under control. (Doc. No. 11 at ¶ 45). Defendant further notes he would not be able to work at Periscope Design if incarcerated. (Doc. No. 13 at p.6). However, there is no evidence to support this bald assertion. To the contrary, Defense Exhibit C, appears to indicate that the owner of Periscope Design was very happy with "one of [her] best employees," and as such, incarceration does not appear to

limit Defendant's employment opportunities as an independent contractor. While it is commendable that Defendant intends to pay restitution, doings so should not provide him with a "free pass" from enduring just punishment of incarceration for his offenses. Further, as Defendant notes the necessity, after committing years of fraud, for him to now declare bankruptcy, there is no possibility for this court to impose any fine or any other significant punishment other than incarceration.

Defendant's sentence must reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to others who may commit similar offenses or who may believe that stealing from the federal government is a victimless crime. Stealing from the SSA and OBWC deprives it of the ability to effectively provide support to the elderly and disabled who need these benefits to survive. In effect, the Defendant stole from the poorest individuals in society who need benefits the most and have no other source of income. Defendant's sentence provides this Court with a valuable opportunity to not only impose just punishment to the Defendant, but also to show that stealing benefits is a serious crime. Moreover, "[b]ecause economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence.'" *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir 2013) (quoting *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006)); *see also United States v. Musgrave,* 761 F.3d. 602, 609 (6th Cir. 2014) (noting that financial crimes "are especially susceptible to general deterrence" and "there is a general policy favoring incarceration for these crimes"). A within-Guidelines sentence will serve the purposes of deterrence as well as the other sentencing factors.

**III.     CONCLUSION**

For the forgoing reasons, the United States respectfully requests that the Court impose a sentence within the Guidelines range.

                                              Respectfully submitted,

                                              JUSTIN HERDMAN
                                              United States Attorney

                                     By:   /s/ Payum Doroodian
                                              Payum Doroodian (DC: 1035376)
                                              Assistant United States Attorney
                                              United States Court House
                                              801 W Superior Ave, Suite 400
                                              Cleveland, OH 44113
                                              (216) 622-3739
                                              (216) 522-2403 (facsimile)
                                              Payum.Doroodian@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 26th day of February 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                                            /s/ Payum Doroodian
                                            Payum Doroodian
                                            Assistant U.S. Attorney